# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1837 FMO (MAAx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | Douglas Portillo v. W.E.R.M. Investments, LLC, et al. | | |

JS - 6

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Remanding Action

On January 27, 2020, Douglas Portillo ("plaintiff") filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against W.E.R.M. Investments, LLC ("defendant"), asserting claims for violations of California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, et seq., violations of the Disabled Persons Act, Cal. Civ. Code § 54.1, et seq., Intentional Infliction of Emotional Distress, and a claim for Negligent Training, Hiring and Retention of Employee. (See Dkt. 1-1, Complaint at ¶¶ 13-44). On February 26, 2020, defendant removed this action on federal question jurisdiction grounds pursuant to 28 U.S.C. §§ 1331 and 1441. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 3-4). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1837 FMO (MAAx) | Date | **March 16, 2020** |
|---|---|---|---|
| Title | **Douglas Portillo v. W.E.R.M. Investments, LLC,** et al. | | |

expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

For purposes of removal based on federal question jurisdiction, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987)). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l Remediation, L.L.C. v. Dep't of Health & Envt'l Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000).

---

Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1837 FMO (MAAx) | Date | **March 16, 2020** |
|---|---|---|---|
| Title | **Douglas Portillo v. W.E.R.M. Investments, LLC, et al.** | | |

### **DISCUSSION**

The court's review of the NOR and the attached Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, in that plaintiff does not competently allege facts supplying federal question jurisdiction, and therefore removal was improper. See 28 U.S.C. § 1441(a);[2] Caterpillar Inc., 482 U.S. at 392, 107 S.Ct. at 2429 ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

The Complaint asserts four state law claims and no federal claims. (See Dkt. 1-1, Complaint at ¶¶ 13-44). Defendant, however, asserts in conclusory fashion that federal question jurisdiction exists because "it appears from the Complaint that this is a civil rights action alleging violations of the Americans with Disabilities Act [("ADA")], 42 U.S.C. §§ 12181, et seq." (Dkt. 1, NOR at ¶ 4). However, the fact that plaintiff relies in part on ADA violations as the basis for her state claim, (see Dkt. 1-1, Complaint at ¶¶ 13-33); Bell v. Retail Servs. & Sys., Inc., 2018 WL 3455811, *2 (N.D. Cal. 2018) ("[T]he Unruh Act . . . incorporate[s] the ADA, such that the ADA may serve as a 'hook' for an alleged violation of state law."), is insufficient to confer federal question jurisdiction. See, e.g., Pizarro v. CubeSmart, 2014 WL 3434335, *2 (C.D. Cal. 2014) (remanding action asserting Unruh Act. . . claim[] for lack of federal question jurisdiction); Bell, 2018 WL 3455811, at *2 (same); Rios v. New York and Company, Inc., 2017 WL 3575220, *2 (C.D. Cal. 2017) (finding plaintiff's reliance on ADA violations as a hook for violation of the Unruh Act did not confer federal question jurisdiction); Thurston v. Omni Hotels Mgmt. Corp., 2017 WL 3034333, *1 (C.D. Cal. 2017) (granting plaintiff's motion to remand Unruh Act claim premised on ADA violations); see also Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856 (1983), superseded by statute on other grounds, as recognized in DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc., 852 F.3d 868, 874 (9th Cir. 2017) ("Congress has given the lower federal courts jurisdiction to hear, originally or by removal from state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is

---

[2] Title 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 20-1837 FMO (MAAx)** | Date | **March 16, 2020** |
|---|---|---|---|
| Title | **Douglas Portillo v. W.E.R.M. Investments, LLC, et al.** | | |

not persuaded, under the circumstances here, that defendant has met its burden. Therefore, there is no basis for federal question jurisdiction. See 28 U.S.C. § 1331.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 N. Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |